

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIMICOE C. WHITFIELD, | No. 14-15849 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01177-CKD |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding[**]

Submitted July 9, 2015[***]

Before:      LEAVY, GRABER, and OWENS, Circuit Judges.

Claimant Dimicoe C. Whitfield appeals the district court's judgment

affirming the Commissioner of Social Security's denial of his application for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act. At step

five of the sequential evaluation process, the administrative law judge (ALJ) found

that Whitfield could perform jobs that exist in significant numbers in the national

economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Whitfield contends that the ALJ erred in assessing his residual functional

capacity (RFC). The ALJ's determination that Whitfield had the RFC to perform

light work "except he requires simple unskilled work that is performed without

frequent public contact" was consistent with the restrictions identified by the

examining doctors. *See Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1173-75 (9th

Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005) (ALJ

adequately considered obesity in RFC determination where record contained "no

evidence . . . of any functional limitations as a result of . . . obesity that the ALJ

failed to consider"). Accordingly, the RFC assessment was supported by

substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir.

2006) ("[T]he ALJ must only include [in the RFC] those limitations supported by

substantial evidence."). Because substantial evidence independently supports the

RFC determination, we need not address Whitfield's arguments that the ALJ erred

in relying, in part, on SSR 85-15 and the definition of "moderate" set forth in SSA

Form HA-1152-U3.

Whitfield contends that the ALJ improperly relied on the Medical-Vocational Guidelines (the grids) in making the step five determination, rather than obtaining the testimony of a vocational expert. Use of the grids was appropriate. "[A] vocational expert is required only when there are significant and sufficiently severe non-exertional limitations not accounted for in the grid." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (internal quotation marks omitted). The restriction to "simple unskilled work . . . performed without frequent public contact" did not significantly limit Whitfield's ability to perform unskilled light work. *See* SSR 83-14; 20 C.F.R. pt. 404, subpt. P, app'x 2, § 202.00(b), (g).

Whitfield contends that the ALJ erred in finding his testimony regarding his symptoms partially not credible. The ALJ provided specific, clear, and convincing reasons for the credibility assessment, including inconsistencies between Whitfield's testimony regarding his limitations and the medical opinions and documentary evidence. *See Molina*, 674 F.3d at 1112-13 (ALJ can reject claimant testimony about severity of symptoms by offering specific, clear, and convincing reasons); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

14-15849

Although the ALJ erred by failing to address Christina Whitfield's lay witness statement and testimony, the error was harmless because the statement and testimony primarily concerned Claimant's subjective complaints and did not describe limitations beyond those already described by Claimant and validly rejected by the ALJ. *See Molina*, 674 F.3d at 1121-22.

**AFFIRMED.**